**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| 3ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| RESTORATION HARDWARE HOLDINGS, | ) | |
| INC. and RESTORATION HARDWARE, | ) | **JURY TRIAL DEMANDED** |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

3Arts, Inc. ("3Arts") brings this action against Restoration Hardware Holdings, Inc. and Restoration Hardware, Inc. (collectively the "Defendants" or "Restoration Hardware") alleging that their conduct violates (1) the Lanham Act, 15 U.S.C. 1125(a), (2) the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq., (3) the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., and (4) common law unfair competition. 3Arts seeks damages and injunctive relief.

## THE PARTIES

1. 3Arts is an Illinois not-for-profit corporation with its principal place of business at 180 N. Michigan Ave., #305, Chicago, IL 60601.

2. On information and belief, Restoration Hardware Holdings, Inc. is a Delaware corporation with its principal place of business at 15 Koch Road, Corte Madera, CA 94925.

3. On information and belief, Restoration Hardware, Inc. is a Delaware corporation registered to do business in Illinois, with its principal place of business at 15 Koch Road, Corte Madera, CA 94925.

## JURISDICTION

4.      This Court has subject matter jurisdiction over 3Arts' claim for false designation of origin pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has supplemental jurisdiction over 3Arts' claims arising under the laws of Illinois pursuant to 28 U.S.C. § 1367(a) because these claims are so related to 3Arts' claim under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6.      This Court has personal jurisdiction over Restoration Hardware because Restoration Hardware regularly transacts and conducts business within this State and Restoration Hardware otherwise has made or established contacts within this State sufficient to permit the exercise of personal jurisdiction.

## VENUE

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Restoration Hardware  resides in the Northern District of Illinois and/or a substantial part of the events giving rise to 3Arts' claims occurred in the Northern District of Illinois.

## BACKGROUND

8.      3Arts is a nonprofit organization, located in Chicago, Illinois, that advocates for women artists, artists of color, and artists with disabilities who work in the performing, teaching, and visual arts.  By providing cash awards, project funding, residency fellowships, professional development, and promotion, 3Arts helps artists take risks, experiment, and build momentum in their careers.

9.      3Arts was originally established in 1912 as a haven for women studying the arts to escape the rugged streets of Chicago.

- 2 -

10.     For over a century, 3Arts has dedicated substantial resources to achieve its mission of supporting the arts and, as a result, has helped countless artists develop their careers.

11.     For much of its existence, 3Arts resided in the building located at 1300 N. Dearborn Pkwy, Chicago, Illinois 60642.  In 1981, this building was deemed a Chicago landmark and was formally designated the "Three Arts Club" building.  3Arts relocated in 2006.

12.     Originally, 3Arts used the THREE ARTS and THREE ARTS CLUB trademarks with the "three" spelled out.  In May of 2002, 3Arts updated its branding and transitioned to its current 3Arts trademark with a numeric "3".

13.     3Arts has also designed and displays a logo, including a specially stylized "3", that symbolizes its commitment to the arts.  This logo, depicted below, is widely recognized and is associated exclusively with 3Arts.



14.     Since its inception in 1911, 3Arts has used the THREE ARTS, THREE ARTS CLUB and/or 3ARTS marks, including the logo (collectively the "3ARTS Mark") in connection with services to support artists through scholarships and professional development, among other things.

15.     3Arts has taken steps to protect the 3ARTS Mark, including the filing of the following federal trademark applications:

| Trademark | Application No. | Date of Filing | Services Covered | Date of First Use |
|---|---|---|---|---|
| 3ARTS | 86747869 | 9/4/2015 | Providing services to support women artists, artists of color and artists with disabilities in the visual, teaching and performing | 05/01/2002 |

| | | | arts through awards, scholarships, fellowships, promotion and professional development. | |
|---|---|---|---|---|
| 3Arts | 86747974 | 9/4/2015 | Providing services to support women artists, artists of color and artists with disabilities in the visual, teaching and performing arts through awards, scholarships, fellowships, promotion and professional development. | 05/01/2002 |

16.     3Arts prominently features the 3ARTS Mark in connection with its services.

17.     3Arts promotes its services on its website, which is accessible at https://3arts.org/, and through numerous other means, including its annual awards event, which in 2015 granted 10 artists $25,000 each to support their artistic pursuits. Five national jury panels selected these ten extraordinary artists in the performing, teaching, and visual arts.

18.     3Arts has invested significant resources in developing, advertising and promoting its services under the 3ARTS Mark and in establishing the 3ARTS Mark in the minds of consumers in connection with 3Arts and its services. Because of its commitment and success, 3Arts and the 3ARTS Mark have obtained, and are attributed, significant goodwill and recognition. Further, as a result of 3Arts' extensive use and promotion of its services, 3Arts has built and owns valuable goodwill symbolized by the 3ARTS Mark.

19.     3Arts has used the 3ARTS Mark continuously since as early as 1912.

20.     3Arts has developed common law rights in the 3ARTS Mark through its extensive and exclusive use of the 3ARTS Mark in connection with its services.

- 4 -

## DEFENDANTS' UNLAWFUL ACTIVITIES

21.     Restoration Hardware Holdings owns and operates Restoration Hardware, Inc., a luxury retailer for home furnishings.

22.     On information and belief, Restoration Hardware operates at least 67 retail stores and/or Galleries throughout the Unites States and Canada.

23.     On information and belief, Restoration Hardware's retail Galleries are categorized by the number of square feet dedicated to sales.  Restoration Hardware's "next generation" Galleries are its largest and generally occupy a range of 25,000 to 60,000 selling square feet. These Galleries typically include amenities designed to immerse customers and blur the lines between retail shopping and hospitality.  For example, the Galleries offer wine bars, coffee bars, lounge areas, art galleries, exhibition rooms, and conservatories, in addition to traditional home furnishing retailing.

24.     For its 2014 fiscal year, Restoration Hardware's net revenues increased 20% to $1.9 billion.

25.     On information and belief, in or around 2007, a developer purchased the Three Arts Club building.

26.     On information and belief, in or around 2013, the Three Arts Club building was leased to Restoration Hardware for purposes of rehabbing, opening, and operating a new Gallery (the "Chicago RH Gallery").

27.     As the opening of its Chicago RH Gallery approached, Restoration Hardware contacted 3Arts to seek consent for its use of the 3ARTS Mark, or a similar mark, in connection with the Gallery and potentially a café within the Gallery.  Discussions between the parties ensued for several weeks.  3Arts agreed that Restoration Hardware could use "Three Arts Club"

as a descriptive reference to the location of the building in which the Chicago RH Gallery was located. 3Arts made clear that it objected to use of the 3ARTS Mark, or a similar mark, in any other manner, including with a numeric "3" as part of the mark.

28. On October 2, 2015, Restoration Hardware opened the Chicago RH Gallery to the public.

29. Restoration Hardware's Chicago RH Gallery occupies nearly 70,000 total square feet across six floors. Restoration Hardware markets its furnishings in a gallery setting, allowing customers to seamlessly shop between its various exhibitions and designs. This location provides numerous amenities to provide an immersive shopping experience, including: a courtyard, fountain, café, wine vault & tasting room, and pantry & espresso bar. It also offers several other comforts that are designed to further blur the lines between retail shopping and hospitality, including: RH Contemporary Art, a showcase of original works from a roster of globally curated artists; RH Modern, an 11,000 square foot in-gallery exhibition of Restoration Hardware's RH Modern line of furnishings; the RH Design Atelier, a 3,000 square foot studio created for designers, architects, and customers to conceptualize design spaces; showrooms for rugs, window treatments, linens, housing fixtures, and furnishings for teens and children; and a rooftop conservatory.

30. To 3Arts' surprise, Restoration Hardware adopted and is making prominent use of the 3 ARTS Mark (with a numeric "3") in a non-descriptive manner in connection with its RH Gallery, directly contravening 3Arts' stated objections and in violation of 3Arts' trademark rights. In fact, Restoration Hardware is using the 3 ARTS Mark with an identical, or nearly identical stylized numeric "3" in connection with its "3 Arts Club Café," "3 Arts Club Café Wine Vault" and "3 Arts Club Pantry." Restoration Hardware's infringing use of the 3 ARTS Mark is

- 6 -

displayed throughout the Gallery, including on signage in the elevator, on café menus, behind the café bar, and over doorways.

31.     Below is an example of an infringing use by Restoration Hardware juxtaposed to 3Arts' 3ARTS Mark:





Photographs of Restoration Hardware's infringing uses are attached hereto as Exhibit A.

32.     Restoration Hardware's deliberate copying of the stylized numeric "3", which is a prominent element of the 3ARTS Mark, reveals Restoration Hardware's attempt to trade on the goodwill associated with 3Arts and its branding.

33.     Restoration Hardware is not authorized by 3Arts to use the 3 ARTS Mark, or any mark that is confusingly similar to the 3ARTS Mark in connection with its Chicago RH Gallery or related services.

34.     Restoration Hardware's use of the 3 ARTS Mark in connection with its Chicago RH Gallery is likely to create confusion, mistake, or deception as to the source or origin of Restoration Hardware's gallery services, or as to 3Arts' sponsorship of or affiliation with Restoration Hardware's gallery.

35.    Restoration Hardware's conduct constitutes trademark infringement, false designation of origin, deceptive business practices, and unfair competition.

36.    On information and belief, Restoration Hardware is willfully violating 3Arts' intellectual property rights in a deliberate effort to trade on the hard-earned reputation and goodwill associated with 3Arts and the 3ARTS Mark.  Restoration Hardware's unauthorized use of the 3 ARTS Mark is occurring in the very building occupied by 3Arts for almost 100 years, only adding to the likelihood that consumers will be confused as to 3Arts' affiliation with the RH Chicago Gallery.  Indeed, RH's use of the 3 ARTS Mark has already led to confusion regarding 3Arts' connection with the RH Chicago Gallery.

37.    Despite knowing or having reason to know that it is violating 3Arts' trademark rights, Restoration Hardware continues to operate the Chicago RH Gallery using the 3 ARTS Mark.

38.    Restoration Hardware's misconduct is causing immediate and irreparable injury to 3Arts and to its goodwill and reputation, and will continue both to damage 3Arts and deceive the public unless enjoined by this Court.  3Arts has no adequate remedy at law.

39.    Specifically, Restoration Hardware is using the 3 Arts Mark in a manner that deliberately suggests that 3Arts is associated with the commercial services offered at the Chicago RH Gallery.  This mistaken association harms 3Arts because for its more than 100-year history 3Arts has been a non-profit supporter of the arts.  The perception that 3Arts is suddenly operating (and profiting from) a café and commercial art gallery within the Chicago RH Gallery cuts against the very strong reputation that 3Arts has earned as a non-commercial organization working to improve ordinary people's lives through the arts.

- 8 -

## FIRST CLAIM FOR RELIEF

### [False Designation of Origin - 15 U.S.C. § 1125(a)]

40.     3Arts repeats and re-alleges each and every allegation contained in the preceding paragraphs, and incorporates them herein by reference.

41.     Restoration Hardware's distribution, marketing, promotion, offering for sale, and sale of goods and services under the 3 ARTS Mark constitute false designations of origin and false representations that Restoration Hardware's gallery services originate from or are authorized by or affiliated with 3Arts, when in fact they are not.

42.     As a result of Restoration Hardware's unauthorized use of the 3 ARTS Mark the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Restoration Hardware's gallery services.

43.     Restoration Hardware's conduct is willful, intended to reap the benefit from 3Arts' goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

44.     Restoration Hardware's wrongful conduct is causing damage to 3Arts, and is likely to continue unless restrained and enjoined.

45.     3Arts has no adequate remedy at law for Restoration Hardware's wrongful conduct because, among other things, (a) 3Arts' trademark is unique and valuable property which has no readily determinable market value, (b) Restoration Hardware's infringement constitutes harm to 3Arts such that 3Arts could not be made whole by any monetary award, (c) if Restoration Hardware's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing goods or services, and (d) Restoration Hardware's wrongful conduct, and the resulting damage to 3Arts, is continuing.

## SECOND CLAIM FOR RELIEF

### [Violation of 815 ILCS 505/1, et seq.]

46.     3Arts repeats and re-alleges each and every allegation contained in the preceding paragraphs, and incorporates them herein by reference.

47.     The acts, practices, and conduct of Restoration Hardware, as alleged above in this Complaint, constitute unfair or deceptive business practices in violation of 815 ILCS 505/1, et seq., in that said acts, practices, and conduct are likely to lead the public to conclude, incorrectly, that the gallery services offered, advertised, marketed, and provided by Restoration Hardware originated with, are sponsored by, or are authorized by 3Arts, to the damage and harm of 3Arts and the public.

48.     Restoration Hardware's use of confusingly and deceptively similar imitations of the 3ARTS Mark is willful and intentional, with the intention of deceiving the public as to the source of Restoration Hardware's goods and services.

49.     As a direct and proximate result of Restoration Hardware's acts, practices and conduct, as alleged, 3Arts has been and will likely continue to be injured and damaged, and 3Arts has no adequate remedy at law for this injury.

50.     As a result of Restoration Hardware's acts, Restoration Hardware has been unjustly enriched and 3Arts has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, 3Arts is entitled to injunctive relief and an accounting of Restoration Hardware's profits, damages, and costs.

## THIRD CLAIM FOR RELIEF

### [Violation of 815 ILCS 510/1, et seq.]

51.     3Arts repeats and re-alleges each and every allegation contained in the preceding paragraphs, and incorporates them herein by reference.

52.     The acts, practices and conduct of Restoration Hardware as set forth above, are likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of services provided by Restoration Hardware, and thus constitute unfair and deceptive acts or practices in the conduct of a business, trade or commerce in violation of Illinois statute 815 ILCS 510/1, et seq.

53.     The public is likely to be damaged as a result of Restoration Hardware's deceptive trade practices or acts.

54.     Restoration Hardware's acts, practices, and conduct as alleged above have been willful and caused, and are likely to continue to cause, injury and damage to 3Arts.

## FOURTH CLAIM FOR RELIEF

### [Illinois Common Law Unfair Competition]

55.     3Arts repeats and re-alleges each and every allegation contained in the preceding paragraphs, and incorporates them herein by reference.

56.     Restoration Hardware's marketing, promotion, offering for sale, and sale of gallery services under the 3 ARTS Mark constitutes unfair competition under the common law of the State of Illinois.

57.     As a result of Restoration Hardware's conduct, the public is likely to believe that Restoration Hardware's goods or services have originated from and/or have been approved by 3Arts, when they have not.

58. Restoration Hardware's acts and conduct as alleged above have damaged and will continue to damage 3Arts and have resulted in an illicit gain of profit to Restoration Hardware in an amount that is unknown at the present time.

## PRAYER FOR RELIEF

WHEREFORE, 3Arts respectfully requests that the Court:

(a) Enter judgment in 3Arts' favor and against Restoration Hardware on all claims;

(b) Award 3Arts its actual damages and Restoration Hardware's profits, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Restoration Hardware's acts of willful unfair competition;

(c) Award 3Arts its actual damages and Restoration Hardware's profits pursuant to Illinois common law, 815 ILCS 505/1, et seq., and 815 ILCS 510/1, et seq.;

(d) Award 3Arts injunctive relief for Restoration Hardware's unfair competition, trademark infringement, and deceptive business and trade practices;

(e) Award 3Arts its costs incurred in this action;

(f) Award 3Arts its reasonable attorneys' fees;

(g) Award 3Arts such other and further relief as is deemed just and proper.

Dated:  October 19, 2015                    Respectfully submitted,


                                            By:   /s/ Thomas L. Holt
                                            Thomas L. Holt (No. 6243134)
                                            Jeremy L. Buxbaum (No. 6296010)
                                            Perkins Coie LLP
                                            131 South Dearborn Street
                                            Suite No. 1700
                                            Chicago, Illinois 60603-5559
                                            Tel:  (312) 324-8400
                                            Fax:  (312) 324-9400
                                            Email:  tholt@perkinscoie.com
                                            Email:  jbuxbaum@perkinscoie.com

                                            **ATTORNEYS FOR PLAINTIFF
                                            3ARTS, INC.**